RECEIVED

NOT FOR PUBLICATION

JUN 2 0 2012

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Jill CARSON,

          Petitioner,

v.

TOLL LAND XI LIMITED PARTNERSHIP,

          Respondent.

Civ. No. 12-3007

MEMORANDUM ORDER

THOMPSON, U.S.D.J.

    This matter has come before the Court on Petitioner Jill Carson's Motion to Vacate [docket # 1] the arbitration award issued by arbitrator Andrew Carlowicz, Jr., Esq. ("Arbitrator") on April 27, 2012 ("the Arbitration Award") in favor of Respondent Toll Land XI Limited Partnership ("Toll Land"). Toll Land opposes this motion [4]. The Court has reached a determination after considering the submissions of the parties and without oral arguments pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, Plaintiff's motion will be denied.

    This dispute arises out of a contract entered into between Carson and Toll Land involving the purchase of real estate by Carson ("the Agreement"). As part of the Agreement, Carson paid Toll Land a cash deposit of $25,739 and executed a note in the amount of $18,200 payable to Toll Land. After signing this purchase agreement, Carson was unable to sell her old house for an amount necessary to meet the requirements of the Agreement. Because Carson was unable to live up to the terms of the Agreement, she forfeited the deposit and note in Toll Land's possession. Petitioner then filed suit in New Jersey Superior Court alleging claims arising under the New Jersey Consumer Fraud Act ("CFA"). The Superior Court dismissed Petitioner's state

1

case because of a valid and binding arbitration provision contained in the Agreement. During arbitration on Petitioner's CFA claims, Toll Land made several cross-claims against Carson. The Arbitrator entered the Arbitration Award, which denied Petitioner's CFA claims and granted, in part, Toll Land's claims. *See* (Newman Cert., Ex. D). Petitioner then moved in this Court to vacate the Arbitration Award.

Arbitration awards are permitted "exceptional deference" by the federal courts. *Handley v. Chase Bank*, 387 F. App'x 166, 168 (3d Cir. 2010). However, a district court may vacate an arbitration award in situations where: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10. In addition to these statutory grounds for vacating an arbitration award, an award may be vacated where the arbitrator shows a "manifest disregard of the law." *See Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003). For this judicially-made exception to apply, the party seeking vacatur must prove that the arbitrator "(1) knew the relevant legal principle; (2) appreciated that the principle controlled the outcome of the dispute; and (3) nonetheless willfully flouted the governing law by refusing to apply it." *Paul Green Sch. Of Rock Music Franchising, LLC v. Smith*, 389 F. App'x 172, 177 (3d Cir. 2010) (citations omitted).

"[T]he party seeking to overturn an award bears a heavy burden, as these are exceedingly narrow circumstances, and courts accord arbitration decisions exceptional deference." *Handley*, 387 F. App'x at 168. Disagreement by a court as to the actual outcome of the arbitration is not

2

sufficient to vacate the award, even if the court "is convinced [the arbitrator] committed a serious error." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 39 (1987).  It is only when "there is a disregard of the contract 'totally unsupported by principles of contract construction'" that an arbitration award should not stand on its merits.  *Roberts & Schaefter Co. v. United Mine Workers Local 1846*, 812 F.2d 883, 885 (3d Cir. 1987) (quoting *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1128 (3d Cir. 1969)).

It is not clear to the Court on what basis Petitioner believes that she is entitled to have the Arbitration Award vacated in this case.  It appears that Petitioner simply disagrees with its outcome.  Mere disagreement, however, is insufficient to vacate the Arbitration Award.  The Court has reviewed the Arbitration Award and is satisfied that none of the grounds for vacating an arbitration award exist in this case.

For the reasons stated above, it is on this _20_ day of June, 2012

ORDERED that Petitioner's Motion to Vacate [1] is DENIED; and it is

ORDERED that this case is closed.

ANNE E. THOMPSON, U.S.D.J.

3